(No. 2692—

W. H. MAZE COMPANY, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed April 28, 1936.*

Claimant, pro se.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

Claimant seeks an award for Ninety Five ($95.00) Dollars because of a mistake in fact in the payment of franchise tax. It appears that on February 28, 1934 claimant reported to the Secretary of State showing its organization on October 10, 1912; that it had three hundred (300) shares of common stock of a par value of One Hundred ($100.00) Dollars, and then erroneously, for some reason unknown plaintiff inserted, the sum of One Hundred Twenty Five Thousand ($125,000.00) Dollars as stated capital. Thereupon the respondent through the Secretary of State's Office assessed the claimant a franchise tax of One Hundred Ten ($110.00) Dollars, which claimant paid in full on June 29, 1934. The misstatement of the amount of capital stock at One Hundred Twenty Five Thousand ($125,000.00) Dollars instead of Thirty Thousand ($30,000.00) Dollars was discovered shortly after November 15, 1934, and thereafter plaintiff filed its claim for Ninety Five ($95.00) Dollars for the difference between the franchise tax that it should have paid on a stated capital of Thirty Thousand ($30,000.00) Dollars and the amount actually paid by it on the erroneously

stated capital of One Hundred Twenty Five Thousand ($125,000.00) Dollars.

Under the General Corporation Act of Illinois the franchise tax of the corporation is assessed on the information given in the annual report, and as claimant's annual report for 1934 shows three hundred (300) shares of stock with a par value of One Hundred ($100.00) Dollars, a correct computation of the stated capital could only be Thirty Thousand ($30,000.00) Dollars, being the amount on which the franchise tax should have been computed. The figures used to show the computation of the amount of such stated capital, in the sum of One Hundred Twenty Five Thousand ($125,000.00) Dollars, was a mistake of fact and not of law. No contrary contention is raised by the Attorney General in behalf of respondent, and in keeping with the decision heretofore reached in *Andersen* vs. *State*, 8 C. C. R. 157 and other cases cited,

"Where the facts are undisputed that money for which the claim is made was paid to the State as the result of a mutual mistake of fact, an award for the refund will be made."

An award is therefore made in favor of claimant herein in the sum of Ninety Five ($95.00) Dollars.